IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JASON A. GALLEGOS,

        Petitioner,

v.

JEFF PREMO,

        Respondent.

Civil No. 3:10-cv-00828-AC

FINDINGS AND RECOMMENDATION

THOMAS J. HESTER
Assistant Federal Public Defender
101 SW Main St
Suite 1700
Portland, OR  97204

        Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
ANDREW D. HALLMAN
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED.

## BACKGROUND

On August 14, 2003, Petitioner pleaded guilty in Hood River Circuit Court to stalking his ex-wife, and the court entered a permanent stalking protective order. On December 2, 2003, Petitioner pleaded guilty in Hood River Circuit Court Case No. 03-01-59CR to two violations of the protective stalking order, one felony and one misdemeanor. The Court placed Petitioner on probation. On January 9, 2004, the stalking protective order was amended. On February 13, 2004, Petitioner admitted to violating two conditions of his probation in Case No. 03-01-59CR. The Court sentenced Petitioner to 20 months of incarceration and 36 months of post-prison supervision. The Judgment Following Probation Violation Proceedings included the following language:

> The Court recommends that the conditions of post prison supervision imposed upon [Petitioner] include the following conditions:
>
> * * *
>
> (4) [Petitioner] shall follow any and all Court orders including FAPA or Stalking Protective Orders.
>
> * * *
>
> (7) [Petitioner] shall have no contact directly or through a third party with [his daughters] without the written permission of the supervising probation officer or the Court.
>
> (8) [Petitioner] is not to be within one mile of the residence of [his ex-wife, his daughters, or his ex-wife's parents] without the written or verbal permission of the supervising probation officer or the Court.

2 - FINDINGS AND RECOMMENDATION -

Resp. Exh. 114, pp. 2-3.

Petitioner did not appeal the Judgment. Resp. Exh. 119, p. 3. Petitioner did, however, directly appeal related cases, Hood River County Circuit Court Case Nos. 0301128CM; 030091CM, and 030150CM. The Oregon Court of Appeals granted the State's motion for summary affirmance in those cases. Petitioner did not petition for review from the Oregon Supreme Court.

Petitioner did file a petition for state post-conviction relief ("PCR") challenging the Judgment in Case No. 03-01-59CR. Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Gallegos v. Barnett*, 232 Or. App. 660, 223 P.3d 1087 (2009), *rev. denied*, 348 Or. 280, 230 P.3d 933 (2010).

On July 16, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. Petitioner alleges he received ineffective assistance of trial counsel because counsel permitted Petitioner to enter guilty pleas that were not knowing and voluntary, because he was not warned that the sentencing court might "banish" him from Hood River County and because counsel did not object when the trial court entered judgment recommending that Petitioner be "banished" from Hood River County as a condition of his post-prison supervision. Respondent argues Petitioner procedurally defaulted his claims.[1]

---

[1] Respondent argues in the alternative that Petitioner is not entitled to relief on the merits of his claims, and that Petitioner is not "in custody." Because Petitioner procedurally defaulted the claims alleged in his Petition, the Court declines to address the merits. With respect to custody, it appears from the Judgment Following Probation Violation Proceedings that Petitioner's term of post-prison supervision will not commence until he is released from custody, and the restrictions imposed remain in effect.

3 - FINDINGS AND RECOMMENDATION -

## LEGAL STANDARDS

Generally, a § 2254 petitioner must exhaust his available state remedies before filing a habeas petition in federal court. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). A state prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the appropriate state courts at all appellate stages afforded under state law, including the highest state court with jurisdiction to consider them. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915–16 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005); *Picard v. Connor*, 404 U.S. 270, 2786 (1971). A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Casey*, 386 F.3d at 920; *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007), *cert. denied*, 555 U.S. 830 (2008); *Coleman*, 501 U.S. at 750.

## DISCUSSION

Respondent argues Petitioner procedurally defaulted his claims because Petitioner did not include any ineffective assistance of counsel claim in his Petition for Review to the Oregon Supreme Court in the state PCR proceeding.[2] Respondent is correct.

In the Petition for Review, counsel for Petitioner recited the procedural history of the case as follows:

> On December 21, 2004, Petitioner filed a petition for post conviction relief, which after amendment, alleged entitlement to post conviction relief because his trial counsel performed inadequately under Article I, Section 11 of the Oregon Constitution and the Sixth and Fourteenth Amendments to the U.S. Constitution, because he failed to advise petitioner of the unconstitutionality of the recommended conditions of post prison supervision in that said conditions constituted cruel and unusual punishment contrary to the Eighth and Fourteenth Amendment of the United States Constitution and Article I, Section 16 of the Oregon Constitution and preserve that issue or otherwise perfect an appeal.

Resp. Exh. 121, p. 3. The Petition goes on, however, to identify the legal questions presented therein as follows:

---

[2]Respondent also argues Petitioner procedurally defaulted his claims for two other reasons. First, Petitioner did not include the failure to ensure his plea was knowing and voluntary to the Oregon Court of Appeals, as Petitioner's brief on appeal referenced only the failure to object to the recommendations. Second, Respondent argues, Petitioner's brief on appeal in the PCR proceeding did not reference a federal basis for his ineffective assistance claim; instead the brief presented and argued the issue exclusively on a state law inadequate assistance of counsel basis. Petitioner contends that any deficiency in his presentation of the ineffective assistance claim to the Oregon Court of Appeals was cured by the State's Brief, which did refer to the federal test for ineffective assistance articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Because Petitioner did not fairly present either claim to the Oregon Supreme Court in his Petition for Review, the Court declines to address these arguments.

5 - FINDINGS AND RECOMMENDATION -

1.  May judgments of Conviction contain statutorily unauthorized "recommendations" concerning conditions of confinement and conditions of post prison supervision or parole?

2.  If such "recommendations" are allowed, what is the proper form for review of them?

Resp. Exh. 121, pp. 3-4. The Petition then proposes the following rules of law to be established:

1.  Such "recommendations" are not permitted.

2.  If such "recommendations" are permitted, then they should be reviewed as any other matter of law contained in a judgment of conviction and sentence.

Resp. Exh. 121, p. 4. Argument in the Petition is limited to state law issues surrounding the propriety of including recommendations for post-prison supervision such as those contained in the Judgment issued by the criminal trial judge; Petitioner presents no argument that counsel rendered constitutionally ineffective assistance in any respect.

Petitioner failed to fairly present his ineffective assistance of counsel claims to the Oregon Supreme Court, and he is now barred under Oregon law from doing so.[3] Accordingly, Petitioner procedurally defaulted the claims alleged in his Petition for Writ of Habeas corpus. Because Petitioner has not established cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default, the Petition for Writ of Habeas Corpus should be denied.[4]

---

[3] Under Or. Rev. Stat. § 2.520, a petition for review to the Oregon Supreme Court must be filed within 35 days from the date of the Court of Appeals' decision.

[4] To the extent Petitioner might argue the ineffective assistance of his court-appointed counsel in the PCR appeal constitutes "cause" to excuse his procedural default, the argument would be without merit. In *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012), the Supreme Court recognized that post-conviction counsel's ineffectiveness may constitute "cause" to excuse a procedural default where, "under state law, claims of ineffective assistance of trial counsel must be raised in an initial review collateral proceeding." *Martinez*, 132 S. Ct at 1320; *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir.2012), *cert. denied*, 133 S. Ct. 863

6 - FINDINGS AND RECOMMENDATION -

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus should be DENIED and a judgment of dismissal should be entered.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be DENIED. *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due April 2, 2013. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 19th day of March, 2013.

John V. Acosta
United States Magistrate Judge

---

(2013). The limited *Martinez* exception is inapplicable here, however, because it does not apply to "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 132 S.Ct. at 1320; *Bray v. Belleque*, 2012 WL 1409328, *4 (D. Or., Apr. 19, 2012).

7 - FINDINGS AND RECOMMENDATION - \\ord.local\SHARES\Home\Jhilsenteger\My Documents\HABEAS\OPINIONS\100828.ac.wpd